FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2018 MAY 15 AM 7: 50

CLERK'S OFFICE
AT BALTIMORE

BY_____AO_____DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

EDWARD JARELL CONAWAY, #454-281  *

Plaintiff  *

v  *  Civil Action No. RDB-18-1364

WARDEN OF MRDCC TINA STUMP, and  *
DR. DOLPH DRUCKMAN,
 *
Defendants

\*\*\*

## MEMORANDUM OPINION

Plaintiff Edward Conaway, a Maryland Division of Correction ("DOC") prisoner housed at Western Correctional Institution, seeks money damages against Tina Stump, Warden of the Maryland Reception Diagnostic Classification Center ("MRDCC"), and Dr. Dolph Druckman, who works at MRDCC for the DOC's contractual health care provider, Wexford Health Sources, Inc. Conaway alleges that he was allowed to suffer with a urinary tract infection between March 16, 2017 and June 7, 2017, when a diagnosis was made by a physician at an "outside" hospital. ECF No. 1, p. 1. In addition to the Complaint and supplemental "Motion", Conaway submitted a Motion seeking leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1) (ECF 3), which will be granted.

Because Conaway is a prisoner proceeding in forma pauperis, this Court must initially examine his Complaint to determine whether it states a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The standard for such review is the same as the standard for reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). Accordingly, Conaway's Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, [will] not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

Although this Court must allow liberal construction of a Complaint filed by a self-represented litigant, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), this Court is further obliged by 28 U.S.C. §1915A to screen and dismiss any prisoner complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted. In deciding whether a complaint is frivolous "[t]he district court need not look beyond the complaint's allegations . . . . It must, however, hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White*, 886 F. 2d 721, 722-723 (4th Cir. 1989). Under the provisions of 28 U.S.C. § 1915(e)(2), a case

> shall be dismissed at any time if the court determines that–
>
> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal–
>     (i) is frivolous or malicious;
>     (ii) fails to state a claim on which relief may be granted; or
>     (iii) seeks monetary relief against a defendant who is immune from such relief."

Conaway's allegations against Defendants Stump and Druckman have been previously adjudicated in this Court. *See Conaway v. Stump, et al.*, Civil Action No. RDB-17-1191 (D. Md.). On April 11, 2018, this Court granted summary judgment in favor of Stump and Druckman, and directed the Clerk to close the case. *Id.*, ECF Nos. 31 and 32. Where there has been a final judgment on the merits in a prior suit; an identity of the cause of action in both the earlier and the later suit; and an identity of parties or their privies in the two suits, res judicata is

established. *See Pension Ben. Guar. Corp. v. Beverley*, 404 F.3d 243, 248 (4th Cir. 2005) (quoting *Jones v. S.E.C.*, 115 F.3d 1173, 1178 (4th Cir. 1997)). The doctrine of res judicata precludes the assertion of a claim after a judgment on the merits in a prior suit by the same parties on the same cause of action. *See Meekins v. United Transp. Union*, 946 F.2d 1054, 1057 (4th Cir. 1991) (citing *Harnett v. Billman*, 800 F.2d 1308, 1312 (4th Cir. 1986)). In addition, "'[n]ot only does res judicata bar claims that were raised and fully litigated, it prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.'" *Id.* (quoting *Peugeot Motors of America, Inc. v. E. Auto Distrib., Inc.*, 892 F.2d 355, 359 (4th Cir. 1989). To the extent it was not raised in the prior suit, the claim raised in the instant complaint is a claim that was previously available to Conaway and is barred by res judicata.

The Complaint shall be dismissed as frivolous or malicious and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (ii). Conaway is hereby advised that under 28 U.S.C. §1915(g) he will not be granted in forma pauperis status if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." This dismissal constitutes Conaway's second strike. The Court denies as moot Plaintiff's Motion to File a Lawsuit. ECF No. 2.

A separate Order follows.

Date: MAY 14, 2018

RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE

3